**In re Scott L. WISS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 06–BG–214.**

District of Columbia Court of Appeals.

Submitted April 22, 2008.

Decided May 22, 2008.

Before GLICKMAN and KRAMER, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

In October 2002, the respondent Scott L. Wiss pleaded guilty to one misdemeanor count of insurance fraud in the fifth degree in violation of N.Y. Penal Law § 176.10.[1] Following a disciplinary hearing, and agreement between respondent and Disciplinary Counsel, the New York Supreme Court, Appellate Division, suspended him for six months, effective March 1, 2004. He was then reciprocally suspended by New Jersey and Florida, but has since been reinstated in each jurisdiction. Respondent's suspensions and criminal disposition were brought to our attention, and on March 22, 2006, we temporarily suspended him from the practice of law in this jurisdiction per D.C. Bar Rule XI, §§ 10(c), 11(d), and we further directed the Board on Professional Responsibility ("Board") to institute a formal proceeding to determine the final disci-

---

1. Respondent was convicted for authorizing his paralegal to notarize an insurance document that had been signed by his client even though they had not actually witnessed the signing

pline to be imposed, and specifically to decide whether respondent's crime involved "moral turpitude" within the meaning of D.C.Code § 11–2503(a) (2001).

The Board referred the matter to a Hearing Committee to determine whether respondent's conduct involved moral turpitude on the facts, and, if not, to make a recommendation regarding reciprocal discipline. The Committee concluded that respondent's criminal conduct did not involve moral turpitude on the facts, and it agreed with the stipulated six-month suspension. Neither Bar Counsel nor respondent filed exceptions to the Committee's conclusion or recommendation, and they were adopted by the Board in its report and recommendation to this court.

As discipline for these violations, the Board recommends that respondent be suspended for six months, *nunc pro tunc*, to April 3, 2006, the date on which he filed an affidavit complying with D.C. Bar R. XI, § 14(g). Neither Bar Counsel nor respondent has disagreed. We agree with the Hearing Committee and the Board that respondent's conduct underlying his conviction did not involve moral turpitude, and that he therefore is not subject to automatic disbarment. *In re Spiridon,* 755 A.2d 463, 466 (D.C.2000). In addition, we agree with, and adopt, the recommendation of a six-month suspension. We note that, though the Hearing Committee, the members of the Board, Bar Counsel, and respondent all agree as to the appropriate discipline, there is disagreement among them as to whether it should be imposed as a matter of reciprocal discipline with deference to the sanction imposed in the foreign proceedings, *see In re Goldsborough,* 654 A.2d 1285 (D.C.1995), or on its own merits without such deference because the threshold moral turpitude inquiry necessitated original fact-finding by the Hearing Committee and to that end per-

mitted augmentation of the record generated in the foreign proceedings. The disagreement is rather theoretical in this case, however, not only because all agree on the end result of the inquiry (the recommended sanction), but also because the Hearing Committee did not receive or consider any evidence outside the record generated in the New York disciplinary proceedings. Under these circumstances, and because we agree with the recommendation under either approach, we think it unnecessary to resolve the disagreement in this case. Accordingly, it is

ORDERED that Scott L. Wiss is suspended from the practice of law in the District of Columbia for the period of six months, *nunc pro tunc,* to April 3, 2006. It is

FURTHER ORDERED that since Scott L. Wiss has been suspended since March 22, 2006, the sixth-month suspension period has passed, and Scott L. Wiss is hereby reinstated.

*So ordered.*